# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket No. 08-cr-13-P-S |
| STEPHEN ADRIAN RAMNATH, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE

Before the Court is Defendant's Motion to Dismiss for Improper Venue (Docket # 88). As explained herein, the Court DENIES Defendant's Motion.

In January 2008, a grand jury in the District of Maine indicted Defendant Ramnath for having "knowingly and intentionally conspired with Hussein Al-Rikabi" to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. (Indictment (Docket # 1) at 1.) The Indictment alleges that Ramnath's criminal conduct occurred "in the District of Maine, the District of New Jersey, the Southern District of New York and elsewhere." (Id.)

Ramnath now moves to dismiss for improper venue. He asserts that "[t]he only state wherein all transactions and criminal conduct alleged in the conspiracy charge occurred is the state of New Jersey," and that "[n]othing began, continued, or was completed in Maine." (Def.'s Mot. to Dismiss (Docket # 88) at 2-3.) Thus, Ramnath concludes, proper venue exists only in the District of New Jersey. (See id. at 3.)

The right to be tried in the appropriate venue "is constitutional in origin and dimension." United States v. Uribe, 890 F.2d 554, 558 (1st Cir. 1989); see also U.S.

Const. art. III, § 2, cl. 3; U.S. Const. amend. VI. The Federal Rules of Criminal Procedure safeguard this constitutional right by providing that, except for certain exceptions, "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. Collectively, these provisions reflect the fact that "[q]uestions of venue in criminal cases . . . are not merely matters of formal legal procedure," but "raise deep issues of public policy." United States v. Johnson, 323 U.S. 273, 276 (1944).

Regarding continuing offenses such as conspiracy, Congress has provided that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a); see also Uribe, 890 F.2d at 558. Thus, venue in a conspiracy case is proper in any judicial district in which "any act in furtherance of the conspiracy was committed"; a defendant's physical absence from that venue is inconsequential. Uribe, 890 F.2d at 558; see also United States v. Josleyn, 99 F.3d 1182, 1191 (1st Cir. 1996). The government must demonstrate proper venue by a preponderance of the evidence, which may be either direct or circumstantial. See United States v. Scott, 270 F.3d 30, 34 (1st Cir. 2001); United States v. Radley, 558 F.Supp.2d 865, 873 (N.D. Ill. 2008).

Here, three critical facts underlie the Court's conclusion that venue in this district is proper.[1] First, Ramnath admitted to police detectives that he knew Al-Rikabi

---

[1] In determining this pretrial motion, the Court considers the parties' filings, as well as Magistrate Judge Rich's Recommended Decision, which describes Defendant's voluntary recorded admissions to police detectives. See Recommended Decision on Mot. to Suppress (Docket # 54) at 7-8; Order Affirming the Recommended Decision of the Magistrate Judge (Docket # 60); Government's Trial Br. (Docket # 71) at 3-4; Def.'s Mot. to Dismiss (Docket # 88); Government's Resp. (Docket # 89).

redistributed drugs he purchased from Ramnath in the District of Maine.[2]  See United States v. Turner, 936 F.2d 221, 226 (6th Cir. 1991) (observing that the crime of conspiracy is "not completed until the drugs reach their final destination, and venue is proper in any district along the way") (citation and internal punctuation omitted). Second, within hours of an alleged criminal transaction with Ramnath on July 30, 2007, Al-Rikabi returned to the District of Maine, where he had sold cocaine base to an undercover law enforcement agent five days earlier.  (See Government's Resp. (Docket # 89) at 1, 6.)  See United States v. Al-Talib, 55 F.3d 923, 928 (4th Cir. 1995).  And third, Al-Rikabi placed several calls to Ramnath in furtherance of the conspiracy from a telephone with a Maine area code.[3]  See United States v. Naranjo, 14 F.3d 145, 147 (2d Cir. 1994).

In finding that venue in this district is proper, the Court is mindful that the acts necessary to support venue in a conspiracy case need not be substantial.  See United States v. Smallwood, 293 F.Supp.2d 631, 637-38 (E.D. Va. 2003).  Accordingly, the Court DENIES Defendant's Motion to Dismiss for Improper Venue (Docket # 88).

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 14th day of October, 2008.

---

[2] See Recommended Decision on Mot. to Suppress (Docket # 54) at 7-8; Government's Resp. (Docket # 89) at 4.  In so observing, the Court does not imply that such knowledge is required to establish venue.

[3] See Government's Resp. (Docket # 89) at 2.  Available circumstantial evidence suggests that Al-Rikabi placed these telephone calls while physically present in the District of Maine.