## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket No. 08-cr-13-P-S |
| STEPHEN RAMNATH, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### ORDER ON DEFENDANT'S MOTION IN LIMINE

Before the Court is Defendant's Motion in Limine (Docket # 95).  As explained herein, the Court DENIES Defendant's Motion WITHOUT PREJUDICE to Defendant renewing his objections during trial.

Via his pending motion, Defendant seeks (1) pre-trial exclusion of drugs, drug paraphernalia, and U.S. currency seized from his home under Federal Rules of Evidence 403 and 404(b), (2) a pre-trial determination regarding the admissibility of co-conspirator statements, and (3) pre-trial exclusion of Defendant's prior robbery conviction under Federal Rules of Evidence 403 and 609.

With respect to the first request, the admissibility of the physical evidence seized from Defendant's home—as either intrinsic circumstantial evidence or extrinsic evidence of Defendant's intent, motive, or knowledge under Rule 404(b)—depends on its factual connection to the alleged conspiracy.  Thus, the Court denies Defendant's request for pre-trial exclusion without prejudice to Defendant renewing this objection during trial.

With respect to the second request, the Court will observe the standard practice described in <u>United States v. Ciampaglia</u> regarding the conditional admission of potential

co-conspirator statements. See 628 F.2d 632, 638 (1st Cir. 1980). Thus, the Court denies Defendant's request for a pre-trial determination regarding the admissibility of co-conspirator statements without prejudice to Defendant renewing this objection at the close of all evidence.

With respect to the third request, the admissibility of Defendant's prior robbery conviction depends, in part, on its potential impeachment value, a matter best assessed during trial. See United States v. Brito, 427 F.3d 53, 64 (1st Cir. 2005). Thus, the Court denies Defendant's request for pre-trial exclusion of his prior conviction without prejudice to Defendant renewing this objection at the close of the Government's case-in-chief, at which point he can make an informed decision whether or not to testify. See United States v. Oakes, 565 F.2d 170, 171 (1st Cir. 1977).

Should the Court ultimately conclude that either the physical evidence seized from Defendant's home or Defendant's prior conviction is admissible, it will certainly consider a request for a limiting instruction pursuant to Rule 105.

Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's Motion in Limine (Docket # 95). Defendant is free to renew his objections during trial.

SO ORDERED.

    /s/ George Z. Singal
    Chief U.S. District Judge

Dated this 20th day of October, 2008.